UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

JESSICA PAIGE JOHNSON, by her parent,
Susan Johnson, and
SUSAN JOHNSON,

                                Plaintiffs,

                                                          COMPLAINT

            vs.
                                                          **Jury Trial Demanded**

BOARD OF EDUCATION OF THE GLENS
FALLS COMMON SCHOOL DISTRICT,
ELLA COLLINS, STEPHANIE HARWOOD,
CHARLES BEERS, AMY HORTON, TRICIA
MURPHY and LINDA CLEAVLAND,
                                Defendants

---

### INTRODUCTION

1.      This is a complaint for injunctive relief, damages, and attorney's fees and costs under the

        Individuals with Disabilities Education Act, 20 U.S.C. § 1400 *et seq.* ("IDEA"); the

        Rehabilitation Act of 1973, 29 U.S.C. § 792 *et seq.* ("Section 504"); the Civil Rights Act of

        1871, 42 U.S.C. §§ 1983 ("Section 1983"), and 1988 ("Section 1988"); and Title II of the

        Americans with Disabilities Act, 42 U.S.C. § 12131 *et seq.* ("ADA").  Plaintiffs also raise

        claims under the New York Education Law §§ 4401 *et seq.*; and the New York State

        Constitution Article XI, §1.

### JURISDICTION AND VENUE

2.      Jurisdiction over Plaintiffs' federal law claims is conferred upon this Court pursuant to 20

1

U.S.C. § 1415(i),and 28 U.S.C. §§ 1331 and 1343; supplemental jurisdiction over Plaintiffs'

pendent state law claims is conferred by 28 U.S.C. § 1367.

3.      Venue is properly laid within the Northern District of New York pursuant to 28 U.S.C. §

1391(b) in that the Plaintiffs live in the Northern District of New York, the Defendants are

located in the Northern District of New York, and a substantial part of the acts or omissions

giving rise to the claim occurred in the Northern District of New York.

**PARTIES**

4.      Plaintiff, JESSICA PAIGE JOHNSON, ("JESSICA") is a child who was born on January 13,

1994, who, at all times relevant to this Complaint was a student enrolled in the Defendant

GLENS FALLS COMMON SCHOOL DISTRICT, and who, at all times relevant to this

Complaint was a child with a disability within the relevant statutes, and otherwise qualified for

the benefits she has been denied.

5.      Plaintiff SUSAN JOHNSON ("MS. JOHNSON") is the mother and natural guardian of

JESSICA, who at all times relevant to this action has resided with JESSICA.

6.      Defendant BOARD OF EDUCATION OF THE GLENS FALLS COMMON SCHOOL

DISTRICT ("Board" or "GFCSD") is, and at all times relevant to this Complaint was, a "local

educational agency" within the meaning of 20 U.S.C. § 1401, and a "public entity" within the

meaning of 42 U.S.C. § 12131.

7.      Defendant ELLA COLLINS is, and at all relevant times, was, the Superintendent of Defendant

GFCSD, principal of the Abraham Wing School, which JESSICA attended at all times relevant

to this action, and was Chairperson of the Committee on Special Education that made the

2

recommendations at issue herein.

8.      Defendant STEPHANIE HARWOOD is, and at all relevant times, was, a School Social
        Worker employed by Defendant GFCSD, and was a member of the Committee on Special
        Education that made the recommendations at issue herein.

9.      Defendant CHARLES BEERS is, and at all relevant times, was, a School Psychologist
        employed by Defendant GFCSD, and was a member of the Committee on Special Education
        that made the recommendations at issue herein.

10.     Defendant AMY HORTON is, and at all relevant times, was, a Special Education Teacher
        employed by Defendant GFCSD, and was a member of the Committee on Special Education
        that made the recommendations at issue herein.

11.     Defendant TRICIA MURPHY is, and at all relevant times, was, a regular education teacher
        employed by Defendant GFCSD, and was a member of the Committee on Special Education
        that made the recommendations at issue herein.

12.     Defendant LINDA CLEAVLAND is, and at all relevant times, was, a school nurse and § 504
        coordinator employed by Defendant GFCSD, and was a member of the Committee on Special
        Education that made the recommendations at issue herein.

13.     On information and belief, Defendant GFCSD does, and at all times relevant to this Complaint
        did, receive federal funds.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

14.     Plaintiffs filed a Demand for a Due Process Hearing on May 27, 2004.  Ex. A.

15.     A hearing was duly conducted, as required by the applicable statutes and regulations, and the

Independent Hearing Officer issued a determination on September 15, 2004.  Ex. B.

16.    Plaintiffs filed a timely Petition for review to the New York State Education Department on

October 18, 2004.

17.    The State Review Officer issued a determination on behalf of the State Education Department

on December 28, 2004.  Ex. C.

18.    Plaintiffs have exhausted all applicable administrative remedies.

## FACTUAL ALLEGATIONS

19.    Plaintiff JESSICA was first identified as a child with a disability in pre-kindergarten.

20.    She was originally diagnosed as suffering from attention deficit/hyperactivity disorder

("ADHD") and a substantial hearing loss in her right ear.

21.    Until she completed the third grade, JESSICA was classified as a child with a handicapping

condition, specifically a child with an Other Health Impairment ("OHI") and received special

education services pursuant to an Individual Educational Plan ("IEP") in the Glens Falls City

School District, a separate school district from Defendant GFCSD.

22.    On April 30, 2003, the Committee on Special Education ("CSE") of the Glens Falls City

School District developed an IEP for JESSICA for the 2003-04 school year that continued the

classification of OHI, and specified services that included counseling, skilled nursing services

and audiology.

23.    In September 2003, JESSICA entered Defendant GFCSD as a new fourth grade student.

24.    A CSE of Defendant GFCSD, met to consider JESSICA's IEP on September 18, 2003.

25.    At the September 18, 2003 CSE meeting, it was decided that the recommendations of the

Glens Falls City School District would be implemented, and that JESSICA would be placed in regular education classes with counselling as a related service.

26.    Defendant GFCSD also decided to conduct further evaluations of JESSICA.

27.    MS. JOHNSON formally consented for Defendant GFCSD to consult with JESSICA's treating physician, who had been treating JESSICA for ADHD since 1997 or 1998, and who was also the school physician for Defendant GFCSD.

28.    The recommendations of the CSE were memorialized in an IEP.

29.    A variety of tests and evaluations were conducted on JESSICA between September 24, 2003 and November 19, 2003.

30.    On December 10, 2003, Defendant GFCSD sent MS. JOHNSON a CSE notice for a meeting to be held on December 18, 2003.

31.    MS. JOHNSON was unable to attend the December 18, 2003 CSE meeting.

32.    At the December 18, 2003, CSE meeting, JESSICA's IEP was modified to require that JESSICA would receive preferential seating, and that the teacher should check for understanding of auditory information, but was otherwise unchanged.

33.    The minutes of the December 18, 2003 CSE meeting, which were not provided to MS. JOHNSON at that time, noted that JESSICA's status would be reviewed at a January 1003 CSE meeting "to discuss continued classification."

34.    On January 7, 2004, Defendant GFCSD sent MS. JOHNSON the December 18, 2003 IEP, along with a statement identifying the special education services to be provided to JESSICA during the 2003-04 academic year, and stating that a meeting would be conducted in January

5

2004 "to review updated testing."

35.     A CSE meeting was scheduled for February 9, 2004, which MS. JOHNSON was unable to

attend.

36.     The notice of the February 9, 2004 CSE meeting did not contain the then-current notification of

procedural rights required by the IDEA; specifically, the CSE notice did not inform MS.

JOHNSON of Defendants' intention to reclassify JESSICA. *Id.*

37.     The February 9, 2004 CSE team, comprised of Defendants COLLINS, HARWOOD,

BEERS, HORTON and MURPHY, that convened to discuss JESSICA's program and

placement, did not include all of the participants mandated by the regulations of the

Commissioner of Education, specifically the parent member of the committee, mandated by

Education Law §§ 4402(1)(b)(1)(a)(vii).

38.     MS. JOHNSON had not waived her rights to the procedural safeguards mandated by the

IDEA nor her rights mandated by the regulations of the Commissioner of Education.

39.     On information and belief, Defendants COLLINS, HARWOOD, BEERS, HORTON and

MURPHY met on February 9, 2004 and discussed declassifying JESSICA, thus rendering her

ineligible for special education services, without the participation of the parent (MS.

JOHNSON).

40.     On or about February 9, 2004, Defendant BEERS advised MS. JOHNSON via telephone

conversation that Defendant GFCSD was considering declassifying JESSICA.

41.     Defendant BEERS did not inform MS. JOHNSON of her due process rights, including, but not

limited to the right to an independent educational evaluation  of JESSICA.

42. An IEP was created on February 9, 2004, indicating that JESSICA did not qualify for special education services, and stating that her needs "can be met under a 504 plan."

43. On information and belief, the reference to a "504 plan" was intended as a reference to the Rehabilitation Act of 1973 (§ 504), 29 U.S.C. §§ 701-796(1) (1988).

44. On or about February 10, 2004, Defendant COLLINS sent MS. JOHNSON a memorandum stating that the CSE team had recommended that JESSICA be declassified as a child with a handicapping condition, and that she be provided, instead, with a 504 plan that would "accommodate her hearing loss needs and counseling support for her adjustment issues."

45. Defendants did not send MS. JOHNSON a copy of the February 9, 2004 IEP with the memorandum on February 10, 2004.

46. MS. JOHNSON did not receive a copy of the February 9, 2004 IEP until MS. JOHNSON reviewed JESSICA's records after JESSICA's declassification as a special education student.

47. On or about February 23, 2004, Defendant GFCSD sent MS. JOHNSON a notice of a CSE meeting scheduled for March 4, 2004.

48. The February 23, 2004 CSE notice stated that the purpose of the meeting was to discuss JESSICA's program and placement.

49. The February 23, 2004 CSE notice did not contain the then-current notification of procedural rights required by the IDEA; specifically, the CSE notice did not inform MS. JOHNSON of Defendants' intention to declassify JESSICA.

50. The March 4, 2004 CSE team comprised of Defendants COLLINS, HARWOOD, BEERS, HORTON, MURPHY, and CLEAVLAND, that convened to discuss JESSICA's program

and placement, did not include all of the participants mandated by the regulations of the

Commissioner of Education, specifically the parent member of the committee, mandated by

Education Law §§ 4402(1)(b)(1)(a)(vii).

51.    MS. JOHNSON had not waived her rights to the procedural safeguards mandated by the

IDEA nor her rights mandated by the regulations of the Commissioner of Education.

52.    At the March 4, 2004, CSE meeting, Defendants again recommended that JESSICA be

declassified as a child entitled to special education.

53.    Also on March 4, 2004, Defendants determined that JESSICA was eligible for continued

counseling and preferential seating under § 504.

54.    Shortly after the March 4, 2004, CSE meeting MS. JOHNSON advised Defendants of her

disagreement and dissatisfaction with JESSICA's declassification, in person and by telephone.

55.    In mid-March 2004, JESSICA was suspended from school for a two-week period and placed

in a one-student-to-one teacher setting.

56.    JESSICA remained in a one-student-to-one-teacher setting through the end of May, 2004.

57.    On or about April 15, 2004, MS. JOHNSON formally requested that JESSICA be referred

back to the CSE, and also requested that JESSICA be evaluated by a neuropsychologist.

58.    Defendants did not refer JESSICA back to the CSE, nor arrange for an examination by a

neuropsychologist.

59.    On May 27, 2004, MS. JOHNSON submitted a demand for a due process hearing.  Exhibit

A.

60.    On September 15, 2004, the impartial hearing officer found that the JESSICA was entitled to

services under § 504, denied Plaintiffs' request for compensatory education, and a

neuropsychological evaluation, and directed that a CSE should conduct evaluations, including a

neurological evaluation, that the school physician should attend the next CSE meeting, and that

after the evaluation process, the CSE should determine whether JESSICA was eligible for

special education.  Exhibit B.

61.    Plaintiffs appealed to the State Review Officer.

62.    On December 28, 2004, the State Review Officer determined that Defendants had made

numerous procedural errors in declassifying JESSICA, including errors that denied MS.

JOHNSON her right to effectively participate in the CSE meeting as an equal participant; that

Defendants did not provide appropriate declassification support services as required by New

York State regulations; and that Defendants' actions denied JESSICA a free and appropriate

public education.  Exhibit C.

63.    The State Review Officer ordered the impartial hearing officer's decision annulled to the extent

that the impartial hearing officer had found that Defendants properly declassified JESSICA;

ordered the Defendant GFCSD to reimburse MS. JOHNSON for a neuropsychological

evaluation she had secured for JESSICA; and ordered Defendant GFCSD's CSE to conduct a

re-evaluation of JESSICA, with full parental participation, and in compliance with all state and

federal regulations.  *Id.*

64.    On January 2, 2005, Plaintiffs' counsel submitted a demand for attorney's fees and related

costs as a prevailing party in the administrative proceeding.  Exhibit D.

65.    Plaintiffs' attorney's fees amount to $30,912.50; their related costs amount to $1,001.50.

66.     On January 21, 2005, Defendant GFCSD denied Plaintiffs' demand for attorneys' fees and

related costs.  Exhibit E.

**FIRST CAUSE OF ACTION AGAINST DEFENDANT GFCSD:  Denial of a Free and
Appropriate Public Education under the IDEA**

67.    Plaintiffs repeat and reallege the allegations set forth in ¶¶ 1 through 66, as though fully set forth

herein.

68.    Defendant GFCSD has been determined by the State Review Officer to have failed to provide

JESSICA with a free and appropriate public education in violation of the IDEA.

69.    As of the date of this Complaint, Defendant GFCSD has failed to implement the decision of the

State Review Officer.

70.    As a result of Defendant GFCSD's failure to provide JESSICA with a free and appropriate

public education, JESSICA has been, and continues to be, denied a free appropriate public

education that emphasizes special education, and related services designed to meet her unique

needs and prepare her for employment and independent living to the maximum extent possible.

**SECOND CAUSE OF ACTION AGAINST ALL DEFENDANTS:  Denial of an Education in
the Least Restrictive Environment in Violation of § 504**

71.    Plaintiffs repeat and reallege the allegations set forth in ¶¶ 1 through 70, as though fully set forth

herein.

72.    Defendants have segregated Plaintiff JESSICA in a one-student-to-one-teacher setting, when

such segregation is not required by virtue of JESSICA's disability.

73.    Defendants segregated Plaintiff JESSICA as set forth in ¶ 66, *above*, without first conducting a

re-evaluation of JESSICA as required by § 504.

74.    Defendants declassified JESSICA without first conducting a re-evaluation as required by §

504.

11

75.     Defendants changed JESSICA's placement to a one-student-to-one-teacher setting without

first conducting a re-evaluation of JESSICA as required by § 504.

76.     As a result of Defendants' violations of § 504, JESSICA has suffered, and continues to suffer,

grievous harm.

**THIRD CAUSE OF ACTION AGAINST ALL DEFENDANTS: Discrimination on the Basis
of Disability in Violation of the ADA**

77.     Plaintiffs reassert and reallege the allegations set forth in ¶¶ 1 through 76, as though fully set

forth herein.

78.     Defendants have denied Plaintiff JESSICA the benefits of a free and appropriate education in

the least restrictive environment by reason of her disability.

79.     As a result of Defendants' illegal action, JESSICA has suffered, and continues to suffer,

grievous harm.

**FOURTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:  Denial of Rights to Equal
Protection of the Laws in Violation of § 1983**

80.     Plaintiffs reassert and reallege the allegations set forth in ¶¶ 1 through 79, as though more fully

set forth herein.

81.     Defendants have denied Plaintiff JESSICA and MS. JOHNSON the rights privileges and

immunities secured by the IDEA and New York Education Law in violation of 42 U.S.C. §

1983.

82.     By virtue of Defendants' illegal actions, Plaintiffs have suffered, and continue to suffer, grievous

harm.

**FIFTH CAUSE OF ACTION AGAINST GLENS FALLS COMMON SCHOOL DISTRICT:**

**Denial of Statutory Attorney's Fees and Related Costs in Violation of the IDEA**

83.     Plaintiffs reassert and reallege the allegations set forth in ¶¶ 1 through 82, as though fully set

        forth herein.

84.     Plaintiffs prevailed in the state administrative proceedings.

85.     Pursuant to 20 U.S.C. § 1415(i)(3), Plaintiffs are entitled to reasonable attorney's fees and

        related costs.

86.     Plaintiffs have proffered a demand for reasonable attorney's fees and costs to Defendant

        GFCSD.

87.     Defendant GFCSD has refused Plaintiffs' demand for reasonable attorney's fees and costs.

88.     As a result of Defendant GFCSD's action, Plaintiffs have suffered damages in the amount of

        $30,912.50 in attorney's fees and $1,001.50 in costs, for a total of $31,914.00.

**SIXTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:  Violation of New York State Constitution**

89.     Plaintiffs repeat and reallege the allegations set forth in ¶¶ 1 through 88, as though fully set forth

        herein.

90.     Plaintiff JESSICA's right to a free and appropriate education designed to meet her individual

        needs is guaranteed by the Constitution of the State of New York.

91.     Defendants denied that right to Plaintiff JESSICA during the 2004-2005 academic year.

92.     By virtue of Defendants' illegal actions, Plaintiff JESSICA has suffered, and continues to suffer,

        grievous harm.

**SEVENTH CAUSE OF ACTION AGAINST ALL DEFENDANTS:  Violation of New York Education Law**

13

93.    Plaintiffs repeat and reallege the allegations set forth in ¶¶ 1 through 92, as though fully set forth herein.

94.    Article 89 of the New York Education Law §§ 4401, et seq., sets forth detailed procedural protections for children with handicapping conditions and their parents as required by the IDEA.

95.    Defendant GFCSD violated Plaintiffs' rights under Education Law § 4402 when it

a.    Denied MS. JOHNSON the right to be an equal participant in the development of JESSICA's IEP,

b.    Failed to provide for a parent member of the CSE that declassified JESSICA during the 2004-2005 academic year,

c.    Failed to comply with the notice requirements of New York State law, and

d.    Failed to ensure that the decision to declassify JESSICA was made by a legally constituted CSE.

96.    By virtue of Defendant GFCSD's illegal actions, Plaintiffs have suffered and continue to suffer grievous harm.

**WHEREFORE**, Plaintiffs respectfully request this Court to enter an Order

a.    Requiring Defendant GFCSD to immediately implement the Order of the State Review Officer;

b.    Enjoining Defendants from denying Plaintiff JESSICA PAIGE JOHNSON a free and appropriate public education in the least restrictive environment for the duration of

JESSICA's academic career.

c.      Awarding Plaintiffs attorneys fees and costs pursuant to 20 U.S.C. § 1415 in the

amount of $31,914.00.

d.      Awarding Plaintiffs damages for Plaintiff JESSICA's lost educational opportunities

during the 2004-2005 academic year in the amount of $50,000.00;

e.      Awarding Plaintiff JESSICA compensatory damages in the amount of $100,000.00;

f.      Awarding Plaintiff MS. JOHNSON compensatory damages in the amount of

$50,000.00.

g.      Awarding Plaintiffs punitive damages in the amount of $200,000.00;

h.      Awarding Plaintiffs attorney's fees and costs of this action; and

i.      Awarding such other and further relief as may be just and proper.

j.      **Plaintiffs demand a jury trial on all issues triable by jury**.

Dated:      Buffalo, New York
            February 20, 2005

                                         /s/ Anna Marie Richmond
                                        ANNA MARIE RICHMOND
                                        ATTORNEY for PLAINTIFFS
                                        Bar Code No.  502917
                                        P.O. Box 1215
                                        Buffalo, NY  14213
                                        716-881-6593
                                        E-mail:  amrichmond@verizon.net

                                         /s/ Andrew K. Cuddy
                                        ANDREW K. CUDDY

15

Attorney for PLAINTIFFS
P.O. Box 646
Auburn, NY  13021
315-253-6393
E-mail:  Akcuddy132@aol.com